# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN EISENBERG, **Plaintiff** | No. 3:07cv1361 |
| v. | (Judge Munley) |
| BANK OF AMERICA, successor by merger to Fleet Bank and PNC BANK, **Defendants** | |

## MEMORANDUM

Before the court for disposition is the motion for sanctions and the motion to dismiss filed by defendants. The matters have been briefed and are ripe for disposition.

**Background**

In January 2005, American General Assurance Company issued three checks payable to plaintiff. (Doc. 5, Amended Compl. ¶ 4). They were sent to plaintiff in care of her attorneys, the law firm of Quadrino & Schwartz ("Q & S"). Two of the checks were for $6,000.00 and one was for $366,000.00. The checks represented proceeds of a disability lawsuit that the plaintiff had settled. (Id.).

Q & S endorsed the checks and deposited them into its bank account without plaintiff's approval or knowledge. (Id.) Defendant Bank of America ("BOA") is the depository bank for the checks in question. (Id. ¶ 7). Defendant PNC Bank ("PNC") is the drawee bank for the checks. (Id. ¶ 8). Plaintiff asserts that because the checks were endorsed by Q & S without her authorization, the defendants converted the checks pursuant to 13 PENN. CONS. STAT. ANN. § 3420. (Id. ¶ 7). Thus, plaintiff instituted the instant action seeking $378,000.00.

Defendants have filed a motion for sanctions and a motion to dismiss, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a citizen of the State of Arizona. Defendant BOA is a North Carolina corporation with a principal place of business in Charlotte, North Carolina. Defendant PNC is a Delaware corporation with a principal place of business in Pittsburgh, Pennsylvania.

**Standard of review**

As noted above, defendants have filed both a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and a motion for sanctions. We will first address the motion to dismiss. When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

**I. Motion to dismiss**

In light of the 12(b)(6) standard of review, the court normally does not examine exhibits with regard to a motion to dismiss. Nonetheless, the defendants assert that examining exhibits is appropriate in the instant case. Accordingly, they have submitted over 200 pages of exhibits. (Doc. 20-2, 20-3, 20-4). These exhibits include the checks at issue, which defendants assert we can examine because they are integral to the

2

plaintiff's claims.  They also assert that it is appropriate for us to examine the record of two other lawsuits that are related to this case, but filed in different jurisdictions.  One is a lawsuit filed by plaintiff to recover disability insurance benefits.  The second is an interpleader action filed by American General Insurance regarding a dispute that arose between plaintiff and her attorneys over the settlement of the disability action.  The exhibits also include:  the settlement agreement in the first case, the agreement between plaintiff and her attorneys in the first case, docket sheets from the prior cases, and correspondence from Q & S to the plaintiff,

To examine these issues, in effect, would be to convert this motion to dismiss into a motion for summary judgment, which we decline to do.  Our decision will be based merely upon a review of the complaint as is typical for a case at this early in the proceedings.  See Friedman v. Lansdale Parking Auth., 151 F.R.D. 42, 44 (E.D. Pa. 1993) ("A court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a defendant's Rule 12(b)(6) motion.") (citing 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, CIVIL 2D § 1364).

Plaintiff asserts that the defendants converted the checks in violation of Pennsylvania law, 13 PENN. CONS. STAT. ANN. § 3420.  This statute provides:  "An instrument is . . . converted if . . . a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." 13 PENN. CONS. STAT. ANN. § 3420(a). The allegations of the complaint assert a cause of action under this statute.  As set forth above, plaintiff claims several checks were made out to her.  The checks were honored by the defendants without her

3

endorsement. Thus, plaintiff has alleged a claim for liability under the statute.

Defendants' motion and briefs do not generally speak about liability, but instead focus on damages that the plaintiff would be entitled to if she prevails. They assert that under the statute "the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of plaintiff's interest in the instrument." 13 PENN. CONS. STAT. ANN. § 3420(b). Defendants argue that plaintiff has received everything she was entitled to from the checks at issue; therefore, the case should be dismissed. This issue, however, is so fact sensitive - - as indicated by the many exhibits presented by the defendants - - that we find it inappropriate to dismiss the action at this point. Additionally, plaintiff argues that New York law, not Pennsylvania, law may apply. The parties are entitled to discovery to work out these issues.[1]

## II. Motion for sanctions

The defendants' motion for sanctions is filed under Federal Rule of Civil Procedure 11, which provides that sanctions can be awarded when a party files a frivolous pleading. "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose. An attorney who signs the paper without such a substantiated belief shall be penalized by an appropriate sanction." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384,

---

[1] We note, however, that the complaint contains no causes of action based upon New York State law. If plaintiff determines that the law of another state applies, this court may not be the proper venue.

4

393 (1990).  We review a motion for sanctions with a "reasonableness under the circumstances" standard, bearing in mind that "Rule 11 is intended only for exceptional circumstances" <u>Teamsters Local Union No. 430 v. Cement Express, Inc.</u>, 841 F.2d 66, 68 (3d Cir. 1988).  As we have found that the case should not be dismissed, we likewise find that plaintiff should not be sanctioned for filing a "frivolous" lawsuit.  We do not find that this is an exceptional circumstance where the plaintiff acted unreasonably under the circumstances.  The motion for sanctions will thus be denied.[2]

**Conclusion**

    Defendants' motion to dismiss and motion for sanctions will be denied. An appropriate order follows.

---

[2] Plaintiff's brief includes a request that Rule 11 sanctions be entered against the defendants.  This request will be denied.  While we will denied the defendants' motion for sanctions, we do not find that it was so frivolous as to justify the imposition of sanctions.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUSAN EISENBERG,  : No. 3:07cv1361
        Plaintiff :
   v. : (Judge Munley)
BANK OF AMERICA, successor :
by merger to Fleet Bank and :
PNC BANK, :
        Defendants :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 20th day of May 2008, it is hereby **ORDERED** as follows:

1) The defendants' motion to dismiss (Doc. 20) is **DENIED**;

2) The defendants' motion for sanctions (Doc. 17) is **DENIED**;

3) The request for sanctions against the defendants found in plaintiff's brief is **DENIED**; and

4) The defendants are directed to file an answer to the complaint within twenty (20) days from the date of this order.

                                    **BY THE COURT:**

                                    <u>s/James M. Munley</u>

                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**