# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN EISENBERG, **Plaintiff** | No. 3:07cv1361 |
| **v.** | (Judge Munley) |
| BANK OF AMERICA, successor by merger to Fleet Bank and PNC BANK, **Defendants** | |

## MEMORANDUM

_____Before the court for disposition is Plaintiff Susan Eisenberg's motion for leave to file an amended complaint. The matter has been fully briefed and is ripe for disposition.

**Background**

In January 2005, American General Assurance Company issued three checks payable to plaintiff. (Doc. 5, Amended Compl. at ¶ 4). They were sent to plaintiff in care of her attorneys, the law firm of Quadrino & Schwartz ("Q & S"). Two of the checks were for $6,000.00 and one was for $366,000.00. The checks represented proceeds of a disability lawsuit that the plaintiff had settled. (Id.)

Q & S endorsed the checks and deposited them into its bank account without plaintiff's approval or knowledge. (Id.) Defendant Bank of America ("BOA") is the depository bank for the checks in question. ( Id. at ¶ 7). Defendant PNC Bank ("PNC")  is the drawee bank for the checks.  ( Id. at ¶ 8). Plaintiff asserts that because the checks were endorsed by Q & S without her authorization, the defendants converted the checks pursuant to 13 PENN. CONS. STAT.  ANN. § 3420. (Id. at ¶ 7). Thus, plaintiff instituted the instant action seeking $378,000.00.   Near the end of the discovery

period, the plaintiff filed a motion to file a second amended complaint, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a citizen of the state of Arizona. Defendant BOA is a North Carolina corporation with a principal place of business in Charlotte, North Carolina. Defendant PNC is a Delaware corporation with a principal place of business in Pittsburgh, Pennsylvania.

**Standard of review**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading after a responsive pleading is served only by leave of the court. FED.R.CIV.P. 15(a). District courts must grant leave liberally "when justice so requires." FED.R.CIV.P. 15(a); Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990).

The Supreme Court discussed the liberal standard to amend a complaint under Rule 15(a), when it found in Forman v. Davis that "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment . . . , the leave sought should, as the rules require, be freely given." Provenzano v. Integrated Genetics, et al., 22 F. Supp.2d 406, 410-11 (3d Cir. 1998) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

In applying Rule 15(a), the Third Circuit Court of Appeals regards the possibility of prejudice to the non-moving party as the "touchstone for the denial of the amendment." Bechtel v. Robinson, 886 F.2d 644, 652 (3d

2

Cir.1989) (quoting <u>Cornell & Co., Inc. v. Occupational Safety and Health</u> <u>Rev. Comm'n</u>, 573 F.2d 820, 823 (3d Cir.1978)). Absent undue prejudice, "denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." <u>Heyl & Patterson International,</u> <u>Inc. v. F.D. Rich Hous. of the Virgin Islands</u>, 663 F.2d 419, 425 (3d Cir.1981) (citing <u>Cornell</u>, 573 F.2d at 823).

**Discussion**

Plaintiff seeks permission to file a second amended complaint to add causes of action for: 1) negligence; 2) conversion against Defendant BOA under either New York or Connecticut law; 3) a claim under the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"), CONN. GEN. STAT. § 42-110b(a); and 4) punitive damages, costs and reasonable attorney's fees. (Doc. 46, Motion for Leave to File Amended Complaint, at ¶ 3). Defendants oppose the motion. They assert that plaintiff waited an unreasonable amount of time before seeking to add these claims and therefore, defendants are prejudiced. Additionally, they argue that the proposed causes of action are subject to dismissal, rendering the amendment futile. We will address both issues in turn.

**1. Futility**

Defendants argue that the amendment should be denied because it is futile. Defendants' position is that Pennsylvania law clearly applies to this case as that is where the funds were allegedly improperly paid. Therefore, the proposed causes of action based upon Connecticut law are futile. After a careful review, we disagree.

Under the law, the location of the bank branch that is responsible for

3

the action or inaction giving rise to liability is the key to determining which law applies. The law of the place where the bank is located is the law that is applicable. Specifically, the law provides:

> (b) Law applicable regarding liability of bank with respect to items handled.--The liability of a bank for action or nonaction with respect to an item handled by it for purposes of presentment, payment or collection is governed by the law of the place where the bank is located. In the case of action or nonaction by or at a branch or separate office of a bank, its liability is governed by the law of the place where the branch or separate office is located.

13 PENN. CONS. STAT. ANN. § 4102(b).

In the instant case, the plaintiff complains of action, - the processing of checks with forged endorsements - and nonaction - failure to inspect endorsements on the checks before processing them. Plaintiff makes these allegations against Defendant BOA. It is uncontested that the branch that performed these actions/nonactions is located in Connecticut. Therefore, under the plain language of the statute, the law that applies is Connecticut law.

Under Connecticut law, the plaintiff may have both a statutory cause of action based upon the Connecticut version of the UCC against Defendant BOA as well as common law actions, such as conversion and negligence. See Sheiman v. Lafayette Bank and Trust Co., 492 A.2d 219, 222 (Conn. App. Ct. 1985) (explaining that "[t]he UCC does not displace the common law of tort as its affects parties in their commercial dealings except insofar as reliance on the common law would thwart the purposes of the Code."). Accordingly, the plaintiff's Amended Complaint that asserts such causes of action is not futile, and the motion to amend will be granted.

4

### 2. Timeliness

Defendants also oppose the plaintiff's amendment on the basis of prejudice, undue delay and dilatory motive. Defendants argue that plaintiff waited an entire year before seeking amendment of the complaint from the time the motion to dismiss was decided and three months after she received the discovery that revealed the connection of Connecticut to the case. Moreover, defendant argues that if such amendment is allowed, they should be permitted to bring another party into the case, Quardino and Schwartz, the party that presented the checks for payment.

Plaintiff argues that she waited until she received verified interrogatory responses to ensure that they were accurate before she filed the motion to amend complaint. (Doc. 53, Plaintiff's reply brief at 3). She waited for these responses because the checks at issue were stamped as having been processed in Massachusetts, not Connecticut. (Id.) Plaintiff asserts that she wanted to ensure she had viable claims under Connecticut law before proceeding. (Id.) We find that plaintiff has provided adequate justification for waiting before filing her motion to file a second amended complaint, and the motion will be granted. Additionally, as we are granting the motion to amend, we will re-open discovery for a period of sixty days. Within this time, the defendants will be able to decide whether to implead another party who may be liable to them. The defendants' motion for summary judgment will be denied without prejudice to such a motion being filed at an appropriate time. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SUSAN EISENBERG,                    :        No. 3:07cv1361
                    Plaintiff       :
                                    :        (Judge Munley)
           v.                       :
                                    :
BANK OF AMERICA,                    :
successor by merger                 :
to Fleet Bank and PNC BANK,         :
                    Defendants      :

## ORDER

**AND NOW**, to wit, this 10th day of March 2010, the plaintiff's motion to file an amended complaint (Doc. 46) is hereby **GRANTED**. The Clerk of Court is directed to docket the Second Amended Complaint, which is attached to the plaintiff's motion. The defendants' motion for summary judgment (Doc. 54) is **DENIED** without prejudice.

                                    **BY THE COURT:**

                                    **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**